FITZPATRICK, APPELLANT, *v.* FITZPATRICK, APPELLEE.

[Cite as Fitzpatrick v. Fitzpatrick, 4 Ohio App. 2d 279.]

(No. 1027—Decided March 10, 1965.)

*Messrs. Curry, Spears & Moore,* for appellant.
*Mr. Elliott Meyers,* for appellee.

BROWN, P. J.   This is an appeal from a judgment of the Common Pleas Court of Lawrence County modifying a custody award under a divorce decree and changing the custody of a minor child from appellant to appellee.   On July 25, 1961, appellant was granted a divorce from appellee upon the ground of gross neglect of duty.

The decree recited the following relative to the custody of the minor child, Debra Mae Fitzpatrick: "It is further ordered that the custody, care, education and control of the minor child of the parties, to wit: Debra Mae, age 22 months of the said parties hereto be, until further order, is granted unto the said plaintiff, Hilda Fitzpatrick.   It is also ordered that the defendant shall have the usual right of visitation at reasonable times and places."

On December 5, 1962, appellee filed an affidavit in contempt alleging that Hilda Fitzpatrick, now Hilda Kouns, has disobeyed the order of the court made on the       day of July, 1961, directing that "defendant shall have usual right of visita-

280

tion at reasonable times and places'' of the minor child, and that defendant's attempt to see the child during his leave from army service was refused and that by reason thereof Hilda Fitzpatrick is guilty of contempt of this court.

No entry is of record showing the disposition of this affidavit.

Thereafter on June 24, 1964, a new affidavit of contempt was filed stating that Hilda Fitzpatrick Kouns has disobeyed the order of this court made on July 25, 1961, directing that ''defendant shall have usual right of visitation at reasonable times and places of said minor child,'' and that Hilda Fitzpatrick, now Hilda Kouns, is guilty of contempt of this court. On opening statement, appellee through his attorney dropped the contempt charges.

At the same time a motion to modify custody award was filed, which states: ''Defendant respectfully moves the court for an order modifying the decree entered herein on the 25th day of July, 1961, in respect to the custody and support of the minor child of the parties, so as to change the custody from plaintiff, Hilda Fitzpatrick now Hilda Kouns, to this applicant for the reason that the said plaintiff is failing to provide the proper care, custody and control of said child.''

An amended motion to modify custody award was thereafter filed, which states as follows: ''Defendant respectfully moves the court for an order modify[ing] the decree entered herein on the 25th day of July, 1961, in respect to the custody and support of the minor child of the parties, so as to change the custody from plaintiff, Hilda Fitzpatrick now Hilda Kouns, to this applicant for the reason that the said plaintiff is failing to provide the proper care, custody and control of said child, in that said plaintiff is working away from home six days a week and that during said period, said child is left alone with baby sitters too young and too inexperienced to properly care for said child. During such periods plaintiff is in violation of the order of the court, refuses to allow the defendant to care for or visit with said child or have said child visit with him.''

Following a hearing, the following entry was made:

''This cause came on before the court on motion of the defendant, Donald Fitzpatrick, for modification of the order of custody heretofore ordered in this action. The court finds said

motion well taken and that custody of said defendant child should be granted to the defendant, Donald Fitzpatrick.

"It is therefore, ordered and decreed, that the former order herein, be modified and that custody of said minor child, to wit: Debra Mae Fitzpatrick, be and it hereby is granted to the said defendant, Donald Fitzpatrick. It is the further order of this court that the plaintiff, Hilda Fitzpatrick Kouns, shall have the right to visit with or have said minor child with her each Sunday from the hours of 9 a. m. to 7 p. m."

Thereafter, this appeal ensued.

Appellant's assignment of error is that the court's order filed November 21, 1964, wherein the custody of the minor child of the parties was awarded to the defendant-appellee, is contrary to law and against the manifest weight of the evidence.

We presume that the awarding of custody of July 21, 1961, to appellant settled what the best interests of the child, Debra Mae, were of that date. In other words, a final decree awarding the custody of a child in a divorce case, even though based on an agreement between the parties, is conclusive as between the parties to the divorce, unless a change of circumstances affecting the welfare of the child is shown. 2 Nelson on Divorce and Annulment 306; *Elford* v. *Elford*, 36 Ohio Law Abs. 397.

The doctrine of *res judicata* applies to that part of the divorce decree that grants custody, and the court cannot re-examine the facts formerly adjudicated and make a different order thereupon. It is accordingly held that there must be a substantial change of circumstances presenting a new case before the court may make a substantial change in the custody order. 17A American Jurisprudence 30.

The court is not warranted in modifying a previous order fixing the custody of children where there is neither a change of conditions nor a discovery of material facts existent at the time of entering the previous order and then unknown to the court; but upon proof of such a change or discovery of material facts, the court is empowered to make an order of modification when warranted by the evidence. *Dailey* v. *Dailey*, 146 Ohio St 93.

What then are the facts that support the change of custody order? The evidence in the bill of exceptions on the motion to modify the custody award is contained in 50 pages. In sup-

port of the motion are only two witnesses, Donald Fitzpatrick and Sharon Fitzpatrick, his new wife. Their testimony covers 16 pages. Donald Fitzpatrick, the appellee, testified merely as to his difficulties in obtaining visitation rights with Debra Mae. Sharon Fitzpatrick testified as to her willingness to raise Debra Mae, as to the condition of her home, and the fact that she is always at home. This is the sole testimony on behalf of appellee.

The record discloses that at the time of the divorce, which was granted to appellant on the grounds of gross neglect of duty on July 25, 1961, Debra Mae was almost two years old. At the time of the hearing she was between five and six. While the evidence disclosed that appellant works, it also disclosed that she was working before she married appellee and was working at the time the divorce was granted and custody was awarded to her, and that she has worked since that time.

In the period between the granting of the divorce on July 25, 1961, and the filing of the motion to change the custody on June 24, 1964, appellee served in the Army in Germany for two years, from November 1961 to November 1963, except for a 30-day leave. Apparently in that time there was no change of conditions, since the child appears to be healthy and well cared for. The evidence discloses that, since returning from the service, appellee has visited the child less than once a week and often without advance notice, and with some truculence which caused trouble between the parties.

Competent baby sitters have been used during working hours, apparently without complaint until the filing of the motion. All the evidence of the remarriage of the appellant discloses no change of condition. The child is of kindergarten age, which will curtail the use of babysitters, and the appellant has arrangements for the child's transportation to and from there. There is no evidence to show that either the appellant or her husband is an unsatisfactory person to raise the child.

In our opinion, it is a serious matter on such little evidence to change a child from a mother's care, who has had the child since birth, to another who is the new wife of the divorced husband. There is the natural right of the mother, who is not shown to be unfit, to nurture and care for her child of tender years, and ordinarily the child's best interests are served by

the mother's love, care and attention. As stated in *Vincent* v. *Vincent*, 6 N. P. 474, 8 O. D. 160, the court required a showing of peculiar unfitness to justify a refusal of the court to award a mother the custody of a child eight years of age. This is likewise true in the case of a modification of a custody award. See *Grandon* v. *Grandon*, 164 Ohio St. 234.

This court reversed an order changing custody in a much stronger case involving the same situation, in which no change of circumstances was shown by the evidence which was mainly a rehash of events prior to the divorce and actions on the part of appellant that had to do with violating the trial court's order of visitation, in the unreported case of *Perry* v. *Perry*, Vinton County Court of Appeals No. 320, decided January 14, 1964.

As we said then and repeat now, we are the first to recognize and understand the discretion of the trial court in custody matters, and do not want to be accused of substituting our judgment for that of the trial court. Yet, our review of the record discloses neither any evidence of a change of conditions nor any evidence of unfitness on the part of appellant as a parent. The short bill of exceptions reveals extreme solicitude on the part of appellant as a mother and the wisdom of the original custody order. It appears mainly that the court's orders as to visitation were not understood or were not abided by on several occasions by the appellant, causing the frustration natural in these situations to appellee, with the result that the court made an order which substituted a change of custody for judicial admonishment for contempt. There is no change of conditions involved here. These are the same conditions that existed at the time of the divorce, except that appellant has remarried to her advantage and, from the evidence, to that of the child's.

We are of the opinion that the assignment of error is well taken. The order of the Common Pleas Court of Lawrence County changing the custody of Debra Mae Fitzpatrick from appellant to appellee will be, and hereby is, reversed and the cause remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARLISLE and GRAY, JJ., concur.