DICKREDE, APPELLEE AND CROSS-APPELLANT, *v.* DICKREDE, APPELLANT AND CROSS-APPELLEE.

(No. 1-83-14—Decided February 22, 1984.)

*Mr. Glenn H. Derryberry,* for Denise Dickrede.

*Messrs. Rizor, Minnard, Hamman & Rizor* and *Mr. Paul D. Rizor,* for Michael J. Dickrede.

GUERNSEY, J. This is an appeal by defendant Denise Dickrede and a cross-appeal by plaintiff Michael J. Dickrede from a judgment of the Court of Common Pleas of Allen County in a divorce action.

The parties are the parents of a daughter Stacy, now some six and one-half years old. In 1980 the plaintiff filed a divorce action against the defendant in the Court of Common Pleas of Allen County terminating in a judgment rendered on February 25, 1981, denying the prayer for divorce but, nevertheless, ordering custody of the minor child placed in the defendant mother. At the time of the decree the child was in the physical custody of the plaintiff's parents. For various reasons, including her employment responsibilities in Columbus and her awaiting appeal periods to pass, the defendant did not immediately assume actual custody under the decree and in this period of time, in

early April of 1981, the child fell and was severely injured requiring her continuous hospitalization in Columbus until July of 1981. Meanwhile, on May 11, 1981, the plaintiff filed a new action for divorce and custody which was heard by a referee, who recommended that the divorce be granted to plaintiff, that the child be placed in the plaintiff's custody and that, among other provisions as to division of property, the plaintiff pay to the defendant some $9,800. Both parties filed objections to the referee's recommendations but on February 8, 1983, the court rendered its decree based on the recommendations. It is from this decree that the defendant now appeals as to the custody provision in favor of the father and the plaintiff cross-appeals as to the $9,800 lump sum alimony award to the mother, their specific assignments of error being more fully set forth hereafter.

"Assignment of Error I. The trial court erred in exercising jurisdiction over the issue of child custody in the context of a subsequently filed action in divorce where that same court had previously issued a permanent order of custody in another separate divorce action.

"Assignment of Error II. The trial court erred in failing to apply the 'changed circumstances' standard of R.C. 3109.04(B)(1) to the issue of child custody after that same court had previously issued a valid, permanent order of custody in the context of a previous divorce action.

"Assignment of Error III. The trial court erred in entering an order placing custody with the appellee in the absence of an affirmative showing on the record that a change of circumstances had occurred mandating the modification, consistent with R.C. 3109.04(B)(1)(a)(b) [and] (c)."

These first three assignments of error involve a common issue of law, i.e., whether the limitations on the modification of a prior custody decree set forth in R.C. 3109.04(B)(1) are applicable when the prior custody decree was rendered under the provisions of R.C. 3105.21 upon the failure of proof of the causes in a complaint for divorce.

In a self-explanatory order filed by the trial court in the current action on December 22, 1982, that court set forth, among other things, the following:

"* * * Upon consideration of the Referee's Report the Court overrules en toto [sic] the Plaintiff's objections and finds that the findings of the Referee are not contrary to law. Upon further consideration the Court finds the objections filed by the defendant are not well taken in that the Court finds that it would not be in the best interest of the child to place the child, Stacy, in the custody of the Defendant. The court does not accept the arguments of Defendant relative to the change of circumstances, in that the same are not the standards in the case at bar being an entirely new action.

"On further consideration of a Motion filed by Defendant entitled Motion for More Complete Finding of Law and Fact, the Court finds the motion moot and not well taken and therefore should be overruled."

The latter motion referred to was a motion by the defendant for the "[c]ourt to set out in its separate finding of facts the testimony upon which it determined there had been a change in the circumstances."

R.C. 3105.21(B) prescribes:

"(B) Upon the failure of proof of the causes in the complaint, the court may make the order for the disposition, care, and maintenance of any dependent child of the marriage as is in the child's best interest, and in accordance with section 3109.04 of the Revised Code."

R.C. 3109.04(B)(1) prescribes:

"(B)(1) Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds, based on facts that have arisen

since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

It appears to be the trial court's position that the provisions of R.C. 3109.04(B)(1) apply only in those instances where the prior custody decree was entered in the same case currently before the common pleas court, and that if no final custody order has been previously made in the case currently before the court the court may proceed to order custody under the provisions of R.C. 3109.04(A) with its determination based essentially on that which would be in the best interest of the child or children.

The trial court's position ignores, however, that the statutory requirement prohibiting a modification of a prior custody decree unless, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, a change of circumstances has occurred and the modification is in the best interest of the child, merely codified existing common law based on principles of *res judicata* and stability of custody (and support) decrees.

Thus, we find that as early as *Olney v. Watts* (1885), 43 Ohio St. 499, the Supreme Court held without benefit of statute:

"1. A party to a decree for alimony may, by an original petition and suit, obtain a modification of such former decree, upon proper allegations of the changed condition and circumstances of the parties.

"2. Such allegations must not relate to circumstances and facts that existed and were, or might have been, pleaded in the former action, but to new facts, thereafter transpiring, which are of such a character as to make the modification necessary to suit such altered condition of the parties."

In *Dailey* v. *Dailey* (1945), 146 Ohio St. 93 [32 O.O. 29], the Supreme Court held:

"2. The court is not warranted in modifying a previous order fixing the custody of children where there is neither a change of conditions nor a discovery of material facts existent at the time of entering the previous order and then unknown to the court; but upon proof of such a change or discovery of material facts, the court is empowered to make an order of modification when warranted by the evidence."

See, also, *Trickey* v. *Trickey* (1952), 158 Ohio St. 9 [47 O.O. 481].

In 27B Corpus Juris Secundum (1959) 503, 507, Divorce, Section 316, it is said:

"At least as between the parties, a decree awarding custody is final and conclusive as to all questions affecting the matter and existing at the time it was rendered. Under most authorities, it is a final decree within the doctrine of res judicata, but only as to facts and conditions before the court at the time, and is not conclusive if circumstances have changed."

See, also, *Fitzpatrick* v. *Fitzpatrick*

(1965), 4 Ohio App. 2d 279, 281 [31 O.O.2d 257].

In our opinion the provisions of R.C. 3105.21(B) and 3109.04(B)(1) must be construed together and also construed in the light of the common law principles of law upon which such statutes are based. So construed, it is our opinion that before the trial court could properly proceed to modify the custody of the child of the parties previously decreed to the defendant pursuant to the provisions of R.C. 3105.21(B) it was necessary for it to find the requisite change of circumstances set forth in R.C. 3109.04(B)(1), which change in circumstances shall include at least one of the criteria required by subdivisions (a), (b) or (c) thereof. Based on its failure to determine and find the requisite change of circumstances it is our opinion that the trial court committed error prejudicial to the defendant in each of the particulars assigned by the defendant's first three assignments of error.

"Assignment of Error IV. The trial court erred, in violation of Civil Rule 53, in adopting the report and recommendation of the referee with respect to custody of the minor child, where the report does not contain sufficient factual information to permit the trial court to exercise its judicial function.

"Assignment of Error V. The trial court erred in failing to issue findings of fact and law upon proper and timely motion of the defendant-appellant, pursuant to Civil Rule 52."

These two assignments of error involve common problems in that the appellant claims that the referee's report was deficient in not containing facts necessary to a finding of change of circumstances, and the trial court would not make such findings of fact and overruled a motion to do so as moot. Had no determination of a change in circumstances been necessary neither would it have been necessary for the referee's report to include facts showing such a change, nor would it have been necessary for the trial court to make such findings of fact. However, as we have seen, it was essential to a custody modification order that a change of circumstances appear and be found.

At the time the referee made his report (July 15, 1982) it does not appear that the court had directed the referee to file an evidentiary transcript of proceedings with his report, so no evidentiary transcript was then, or at the time the court considered the objections to the referee's report, available for the court to review. Nevertheless, in all cases it is necessary under Civ. R. 53 that the report of a trial referee contain a statement of facts forming the basis for the referee's recommendation to the trial judge; and that absent such a statement, the court cannot adopt the recommendation because it lacks the necessary information to make the required independent analysis of the case. Logue v. Wilson (1975), 45 Ohio App. 2d 132 [74 O.O.2d 140]; and Nolte v. Nolte (1978), 60 Ohio App. 2d 227 [14 O.O.2d 215]. Here the referee's report merely concluded as to custody that, "[t]he Court would find that it would be in the best interests of the child, Stacy, if she were in the custody of the Plaintiff." The report thus not only contained no facts upon which the trial court could make its prerequisite determinations as to the existence of a change of circumstances but also set forth no facts forming the basis for the referee's recommendation to the trial judge that the best interests of the child would be served if she were in the custody of the plaintiff.

We conclude that the fourth assignment of error is well-taken and that such error was prejudicial to the appellant because it contributed to the erroneous determination by the trial court relating to the change in circumstances.

The trial court, in turn, based on its erroneous conclusion relating to

the change in circumstances, then concluded erroneously that the defendant's motion, timely made and directed specifically to the court for its findings of fact and conclusions of law, was moot. Obviously, the trial court, without the benefit of an evidentiary transcript of the proceedings before the referee and without the benefit of a referee's report setting forth the facts upon which the referee's recommendation as to custody was based, could not properly arrive at its own findings of fact even had the issue not been moot. The failure to make findings of fact and conclusions of law, if error, is not always prejudicial to an appellant because the judgment might not, in any event, have been affected by such failure. Findings of fact and conclusions of law are a device and tool with which to test a judgment. An erroneous failure to make same normally only results in a requirement that they be made. To that extent the fifth assignment of error is found well-taken. See, also, *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122 [24 O.O.3d 196].

Cross-Appellant's Assignment of Error. "The trial court's award of ninety-eight hundred dollars ($9,800.00) to defendant to be paid by the plaintiff to the defendant as and for a property division is abusive of discretion and against the manifest weight of the evidence."

In its journal entry of divorce the trial court approved the referee's report, made it an exhibit to the entry and part of the entry by reference, and ordered it performed. In the report it is stated that "there will be no alimony to either party," and a division of property is ordered including the payment to the defendant by the plaintiff of $9,800. It is impossible to tell from the referee's report or from the trial court's order with reference to same how the trial court arrived at the figure of $9,800. From the transcript of proceedings it would appear that at least the referee was cognizant that at the time of trial

the defendant-wife was unemployed, whereas the plaintiff-husband was farming as well as being an owner-driver of an over-the-road tractor on lease to a major hauler. Thus, subject to the vagaries of the economy, there was an apparent, as well as had been an actual, great disparity in the incomes of the two parties. This may have been a moving factor in the court's award to defendant of $9,800 as well as the award may have been designed to provide a balance to the court's denial to the defendant of any installment alimony. We cannot tell whether these were deciding considerations nor can we tell that they weren't. Thus, it does not affirmatively appear that there was an abuse of discretion in the $9,800 award nor does it affirmatively appear that same was against the weight of the evidence. The cross-appellant's assignment of error is without merit.

Accordingly, by reason of error as assigned in the defendant-appellant's first four assignments of error the judgment of the trial court, insofar as it pertains to the custody of the minor child of the parties, is reversed and vacated and the cause remanded for redetermination of the issue of custody on the evidence adduced as portrayed by the transcript of proceedings filed herein (the evidence before the referee not having been limited on the subordinate issue of change of circumstances) and, for the error of failing to make findings of fact and conclusions of law as requested, and subject to the motion for same being renewed after the redetermination of the custody issue and subject to procedural requirements of the common pleas court reference thereto being fulfilled, the cause is remanded to make findings of fact and conclusions of law as requested. The judgment of the trial court in all other respects is affirmed.

*Judgment accordingly.*

MILLER, P.J., and COLE, J., concur.