IN RE HEIGHT.

[Cite as In re Height (1975), 47 Ohio App. 2d 203.]

(No. 15-74-5—Decided June 20, 1975.)

*Messrs. Drury, Zeigler & Whetstone,* for appellant Barbara Height.

*Mr. Robert Young,* for Elvin Height III.

*Mr. C. Allan Runser,* prosecuting attorney, and *Mr. W. Edward Hatcher,* for the department of welfare of Van Wert County.

MILLER, J. This is an appeal by Barbara Height, the natural mother of Elvin Height III, from a judgment of the juvenile court of Van Wert County, ordering that the child be permanently removed from the custody and control of his mother and be placed in the permanent custody of the department of welfare, for adoption or otherwise.

Elvin's parents were divorced in the Court of Common Pleas of Van Wert County by a decree entered October 23, 1972. The court found that it would be for the best interest of the child to certify his custody to the juvenile court and so ordered. On January 8, 1973, the juvenile court consented to the certification and assigned the matter for hearing on January 18, 1973, with regard to the permanent care, custody and control of the child.

A summons was issued for the father and mother. The mother was served by certified mail. No service was had upon the father, but on January 18, 1973, he waived service of summons and voluntarily entered his appearance in writing.

On that date, the court appointed counsel for both parents and the child and ordered that the child's temporary care be retained by the department of welfare and continued the matter until 10 a. m., February 6, 1973. At that hearing, the father and mother were present and represented by counsel; the child, although not present, was represented by counsel. Following that hearing, the court found the child to be dependent and neglected and ordered that he be removed from the custody of his parents and placed in the temporary care, custody and control of the department of welfare for a period of six months, at which time the custody would become permanent, unless the mother specifically petitioned the court for a hearing on or before August 7, 1973. On August 7, 1973, the mother filed her motion for a rehearing; the notice of the assignment for the hearing thereon was mailed; and, on October 11, 1973, the motion was heard. By journal entry dated October 25, 1973, the court entered the order set forth above from which this appeal is taken by Barbara Height, the mother. She sets forth three assignments of error.

The first assignment asserts a lack of subject matter jurisdiction by the juvenile court due to improper certification, the divorce court having made no finding that neither parent was a suitable person to have custody and that there was no suitable relative to have custody. Appellant relies on Civil Rule 75(P) as authority for this position.

However, R. C. 3109.06 provides that "[a]ny court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much thereof * * * as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; thereupon the juvenile court shall have exclusive jurisdiction."

R. C. 2151.23(D) provides:

"The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to the custody and support of children."

A finding of unfitness of the parents or of a suitable relative is not a necessary prerequisite to certification to the juvenile court. The Court of Common Pleas having certified the matter of custody to the juvenile court, after its consent was first obtained, the juvenile court has exclusive jurisdiction over the child's custody by virtue of R. C. 3109.06 and R. C. 2151.23(D).

For the sake of clarity, we will next consider the third assignment of error, which asserts that the juvenile court erred when it removed permanent custody from the mother contrary to the recommendations of the guardian ad litem of the child.

The statement of evidence filed herein indicates that attorney Robert C. Young, the guardian ad litem for the child, did not object to returning the custody of the child to the mother, but requested a reasonable transition period

from the foster home to the natural mother. However, by its order of January 18, 1973, Mr. Young was appointed "to represent the child, Elvin Height" and is nowhere specifically appointed as guardian ad litem for the child.

Juvenile Rule 4(B) provides that the court shall appoint a guardian ad litem to protect the interests of a child when it has no parent, guardian or legal custodian, when the interests of the child and the parent conflict or when the parent is under eighteen years of age. Juvenile Rule 4(C) provides that when the guardian ad litem is an attorney admitted to practice he may also serve as counsel to his ward. Nothing in this record indicates that any provision of Juvenile Rule 4(B) dictated the appointment of a guardian ad litem herein.

Civil Rule 17(B) (made applicable to civil juvenile court proceedings by Civil Rule 74) provides in part that when a minor is not otherwise represented in an action the court shall appoint a guardian ad litem or make such other order as the court deems proper for the protection of such minor. It thus may well be that the court chose to make another order for the protection of the child, i. e., the appointment of an attorney to represent the child.

In any event, the appointment of a guardian ad litem is procedural and not jurisdictional (28 Ohio Jurisprudence 2d 596, Infants, Section 50) and in this appeal the appointment is not attacked.

The function of a guardian ad litem or for a representative for the child is to secure for such child a proper defense or an adequate protection of its rights. The ultimate decision in any proceeding is for the judge and not for the representative of the parties and the trial court did not, for that reason, err in making an order contrary to the recommendation of the child's representative and the third assignment of error is overruled.

The second assignment asserts that the judgment of the juvenile court is not sustained by the evidence and is contrary to law. When a case concerning a child is certified from another court to the juvenile court, the certification of the transferring court shall be deemed the complaint in

the juvenile court. Juvenile Rule 10(A). Such certification does not, however, constitute a complaint that the child is dependent or neglected. See *State, ex rel. Clark*, v. *Allaman* (1950), 154 Ohio St. 296; *Union County Child Welfare Bd.* v. *Parker* (1964), 7 Ohio App. 2d 79; *In re Kraft*, Court of Appeals for Van Wert County, No. 15-74-3, decided April 2, 1975. Thus, the custody of the child herein was the issue before the court and not his dependency and/or neglect and the court was without authority to make a finding of neglect or dependency.

A distinction must be made between a determination of custody in a juvenile court and a placement or disposition of a child after a finding that such child is neglected, dependent, delinquent or unruly. R. C. 3109.04 is applicable to the former and R. C. 2151.353, 2151.354, and 2151.355 are applicable to the latter. See *In re Smelser* (1969), 22 Ohio Misc. 41, 45.

The authority granted to a juvenile court in R. C. 2151.353, 2151.354, and 2151.355 to make certain specified dispositions and commitments of children in matters before it can be exercised by such court only if the child before it is properly found to be unruly, delinquent, dependent or neglected. *In re Darst* (1963), 117 Ohio App. 374.

The juvenile court lacking authority to make a finding of dependency or neglect, it then follows that it had no authority to make a commitment of the child pursuant to those statutes pertaining only to the disposition of dependent or neglected children. The order was contrary to law and, being such, was also not sustained by the evidence.

The second assignment of error is well taken and the judgment of the juvenile court must be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

Cole, P. J., and Guernsey, J., concur.