IN RE SNIDER ET AL., ALLEGED
ABUSED CHILDREN.

(No. 4-83-1—Decided March 16, 1984.)

*Mr. James J. Hitchcock,* for appellant Danny Snider.

*Mr. Stephen W. Ruyle,* for appellee Defiance County Welfare Department.

MILLER, P.J. This is an appeal by the natural father of Amanda Lynn Snider, born March 15, 1980, and Misty Dawn Snider, born January 27, 1978, from a judgment of the Court of Common Pleas of Defiance County, Juvenile Division, placing the permanent custody of the children with the Defiance County Welfare Department.

The parents of the children were divorced on March 19, 1981, with custody of the children being granted to the mother, Lynn Snider.

The father, Danny Snider, subsequently married his present wife, Joy Snider and the mother, Lynn Snider, subsequent to the divorce, commenced to live with one David Shellenbarger.

Each of the parents repeatedly

charged that the other had abused the children.

In February 1982, the father filed a motion to cite the mother for contempt and for a change of custody in the Court of Common Pleas of Defiance County, General Division. An investigation was ordered by that court during the course of which it appeared that sexual abuse of the children had occurred which resulted in the filing of complaints on June 18, 1982, in the juvenile division of the court alleging that the children were abused children.

On the same date the general division entered its judgment as follows:

"It appearing to the court that there is a motion for change of custody filed in the above case and that there has been a complaint filed with the Juvenile Court of Defiance County, Ohio alledging [sic] child abuse to both children, and upon the consent of all parties, it is hereby ORDERED, ADJUDGED and DE-CREED that the above case be and the same is hereby transferred to the Juvenile Court of Defiance, Ohio for all future proceedings."

On June 7, 1982, the juvenile division had granted emergency temporary custody to the Defiance County Welfare Department. On June 18, 1982, the juvenile division ordered that the temporary custody of the children by the Defiance County Welfare Department be continued.

Both the abuse cases and the certified issue of custody were heard and considered together without objection.

On December 14, 1982, the juvenile division entered its judgment which as pertinent provides as follows:

"Whereupon the Court proceeded to announce the Judgment, and did find both natural parents of the above name [sic] minor children, Lynn M. Snider, and Dan P. Snider to be unfit parents, and did therefore grant the Petition of the State to terminate all parental rights, and to place permanent custody of the above named minor children with the Defiance County Welfare Department.

"Therefore it is ORDERED, AD-JUDGED and DECREED, henceforth neither Lynn M. Snider, nor Dan P. Snider, shall have any parental rights in or for the above named minor children, Amanda Lynn Snider and Misty Dawn Snider.

"All such rights are hereby ordered terminated. Further, it is ORDERED, ADJUDGED and DECREED, that permanent custody of the above named minor children be placed with the Defiance County Welfare Department, said department is hereby named as guardian and custodian for said minor children."

Both parents appealed from the judgment, but the appeal of the mother was subsequently dismissed by this court.

The appellant father sets forth six "issues" for review as follows:

"ISSUE ONE

"The Trial Court has no power to grant permanent custody to the Welfare Department as the complaint is defective in that it does not contain a prayer for permanent custody as required by law.

"ISSUE TWO

"The Trial Court has no power to proceed to award permanent custody to the Welfare Department as there was no summons issued.

"ISSUE THREE

"The pleadings herein clearly alleged serious parental misconduct on the mother, who was the custodial parent pursuant to the divorce decree, but no misconduct was alleged by the father. Therefore, there is no authority to terminate the parental rights of the father.

"ISSUE FOUR

"The Department of Public Welfare failed to prepare and file a comprehensive reunification plan as required by ORC section 2151.412(c) [sic].

"ISSUE FIVE

"The decision of the Trial Court is against the manifest weight of the evidence.

"ISSUE SIX

"Can a Court appointed investigator delegate his authority to another when the result is that the parties are denied the right to examine the witnesses?"

We first observe that this matter was before the trial court on both a certification by the general division of the court and on abuse complaints filed herein.

When a case concerning a child is transferred or certified from another court, the certification from the transferring court is deemed to be the complaint. Juv. R. 10.

However, such certification does not constitute a complaint in the juvenile court that such a child is neglected, dependent or abused and those dispositions provided for under R.C. 2151.353 pertaining to neglected, dependent or abused children, including an award of permanent custody to a county welfare department which has assumed the administration of child welfare, are not applicable to such a child, disposition thereof being subject to and controlled by R.C. 3109.04. *In re Height* (1975), 47 Ohio App. 2d 203 [1 O.O.3d 279].

It does not appear, however, that the trial court based its judgment on the certification to it of a custody issue and obviously it did not award custody under the provisions of R.C. 3109.04. It purportedly based its judgment of permanent custody on child abuse considerations under the Juvenile Court Act.

Although there were complaints filed herein alleging the children to be abused, the trial court did not find them to be such, the finding being only that the parents were unfit, with permanent custody being awarded to the Defiance County Welfare Department for that reason alone. Moreover, there was no prayer for permanent custody in the complaints and our record contains no citations on the parents or the children specifying that permanent custody was being sought.

While R.C. 2151.414 was not in effect at the time of the decision in *In re Height, supra,* that section does not alter the situation as it contemplates the prior award of temporary custody to a welfare department followed by a motion for an award of permanent custody, which also did not here occur.

We thus conclude that the appellant's parental rights were erroneously terminated by the trial court's award of permanent custody to the Defiance County Welfare Department and, insofar as appellant's "issues" are directed to such award, they are found well-taken. As appellant has not set forth assignments of error, as such, we do not further consider the "issues" raised.

Accordingly, the judgment of the trial court being based on error prejudicial to the appellant the same is reversed and vacated and the cause remanded to the trial court for resumption of emergency temporary custody of the child welfare department pending the filing of an amended complaint, proper service of process and further proceedings appropriate to the determination of child abuse and permanent custody.

*Judgment reversed.*

GUERNSEY and COLE, JJ., concur.