THE STATE, EX REL. EASTERDAY, *v.* ZIEBA, JUDGE.

[Cite as State, ex rel. Easterday, *v.* Zieba (1991), 58 Ohio St. 3d 251.]

(No. 90-1263—Submitted December 11, 1990—Decided April 3, 1991.)

*Robert G. Schultz, Jr.*, for relator.

*Gregory A. White,* prosecuting attorney, and *Thomas W. Janas,* for respondent.

*Per Curiam.* The first question presented by this case is: Does a domestic relations court have jurisdiction to determine the custody of a child, as between his parents and a relative, after that court has dismissed his parents' divorce action for failure to prosecute? For the reasons that follow, we answer this question affirmatively and, therefore, must also decide two other issues: (1) If a domestic relations court dismisses a divorce complaint, under what circumstances may the domestic relations court invoke the jurisdiction of the juvenile court through certification? and (2) Are those circumstances present in this case? Finally, we must determine if a writ of prohibition is appropriate.

### Jurisdiction

Prohibition lies to prevent the imminent exercise of unauthorized judicial power. *State, ex rel. Yates,* v. *Court of Appeals for Montgomery Cty.* (1987), 32 Ohio St. 3d 30, 33, 512 N.E. 2d 343, 346. To establish this, Easterday argues that the Medina County court's determination of Joshua's custody is *res judicata* and, therefore, that Judge Zieba has no authority to "collaterally attack" that judgment. Judge Zieba, however, argues that the Lorain County Juvenile Court is the only court able to determine Joshua's

custody and related issues because R.C. 3109.06 grants juvenile courts exclusive jurisdiction over matters certified pursuant to that statute. R.C. 3109.06 provides, in pertinent part:

"Any court, other than a juvenile court, having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information * * * as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.

"In cases in which the court of common pleas finds the parents unsuitable to have custody of the child or children, consent of the juvenile court shall not be required to such certification. * * *"

The parties' arguments supply only part of the analysis necessary to decide which of these courts has jurisdiction over this custody dispute. Easterday's argument is not dispositive because it assumes that the Lorain County Juvenile Court had no jurisdiction of the custody case before the Medina County court decided the issue. However, if Judge Zieba is right, and certification placed Joshua's custody within the juvenile court's exclusive jurisdiction, then the Medina County court never acquired jurisdiction in that matter and its judgment is void. See, e.g., *State, ex rel. Largent*, v. *Fisher* (1989), 43 Ohio St. 3d 160, 540 N.E. 2d 239 (first court to obtain subject matter and personal jurisdiction in an action has jurisdiction to the exclusion of other courts), and *Sarkies* v. *Ohio Dept. of Transp.* (1979), 58 Ohio St. 2d 166, 12 O.O. 3d 174, 389 N.E. 2d 491 (where exclusive jurisdiction over

an action lies in a particular court, the judgment of any other court in such an action is void).

Similarly, Judge Zieba's argument is not dispositive because he attaches no significance to his dismissal of the underlying divorce action, and he relies solely on R.C. 3109.06 to establish the Lorain County courts' authority to act. In *Haynie* v. *Haynie* (1959), 169 Ohio St. 467, 8 O.O. 2d 476, 159 N.E. 2d 765, however, we consulted two other statutes—R.C. 3105.21 and 2151.23 —to decide if a domestic relations court has authority to certify a custody case after dismissing a divorce action and if a juvenile court has authority to accept the case so certified. In the syllabus, we said:

"Under Sections 3105.21 and 2151.23, Revised Code, where the Court of Common Pleas in a divorce action dismisses the action for insufficient evidence and without making a determination on the merits, it lacks the power and authority to certify the question of the custody of the minor child of the parties to the Juvenile Court and the Juvenile Court is without power to accept such question."

We did not expressly refer to R.C. 3109.06 in *Haynie*. However, then, as now, R.C. 3109.06 allowed only courts "having jurisdiction in any case respecting the care, custody, or support of a child under eighteen years of age" to certify all or part of a divorce case. See 124 Ohio Laws 178, 195. Thus, following *Haynie*, we find that R.C. 3109.06 must be read in conjunction with the jurisdiction granted the domestic relations division of a common pleas court by R.C. 3105.21 and juvenile court jurisdiction granted by R.C. 2151.23.

When Easterday filed this action in prohibition, R.C. 3105.21 provided, in pertinent part:

"(A) *Upon satisfactory proof of the causes in the complaint for divorce, annulment, or alimony* [now, "legal separation" instead of "alimony," see Am. Sub. H.B. No. 514, eff. Jan. 1, 1991], the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code [generally, custody to parents or relatives in child's best interest].

"(B) *Upon the failure of proof of the causes in the complaint,* the court may make the order for the disposition, care, and maintenance of any dependent child of the marriage as is in the child's best interest, and in accordance with section 3109.04 of the Revised Code."[1] (Emphasis added.)

Under R.C. 3105.21, a domestic relations court has authority to disturb the rights of natural parents in two situations. If the court grants relief upon "satisfactory proof" of a complaint for divorce, it can award custody and support in the best interest of any child of the marriage. The court has the same authority if it denies relief upon "the failure of proof of the causes in the complaint." See, *e.g., Miller* v. *Miller* (1988), 37 Ohio St. 3d 71, 523 N.E. 2d 846, and *Dickrede* v. *Dickrede* (1984), 14 Ohio App. 3d 292, 14 OBR 349, 470 N.E. 2d 925, in which trial courts had granted custody after denying a divorce to the parents.

R.C. 2151.23(D) specifically complements R.C. 3105.21(A) and provides:

"The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to the custody and support of children."

In contrast, R.C. 2151.23 does not expressly address the juvenile court's authority to hear a certified case in which a divorce was denied for "failure of proof" per R.C. 3105.21(B). However, it does grant juvenile courts jurisdiction "[t]o determine the custody of any child not a ward of another court of this state," R.C. 2151.23(A)(2), and "to hear and determine the case of any child certified to the court by any court of competent jurisdiction if such child comes within the jurisdiction of the court as defined by this section." R.C. 2151.23(E). Therefore, R.C. 2151.23 is broad enough to permit a juvenile court to decide a custody matter certified after denial of a divorce, providing that the certifying court is one of competent jurisdiction under R.C. 3105.21(B).

Applying these statutes here, as in *Haynie, supra,*[2] we hold that Judge Zieba had no authority to certify the matter of Joshua's custody under R.C.

---

[1] R.C. 3105.21(B) refers to a "dependent child," which R.C. 2151.04 defines essentially as a child whose "condition or environment is such as to warrant the state, in the interests of the child, in assuming his guardianship." However, because the definitions in R.C. 2151.04 apply only in R.C. Chapter 2151, and R.C. 3105.21 contemplates custody determinations under R.C. 3109.04, which does not apply in dependency actions under R.C. Chapter

2151, *In re Height* (1975), 47 Ohio App. 2d 203, 207, 1 O.O. 3d 279, 281-282, 353 N.E. 2d 887, 890, we understand "dependent" to be used in R.C. 3105.21(B) according to its ordinary meaning.

[2] Although R.C. 3105.21(B) was enacted in 1974, after *Haynie* was decided, we rely on it in this case to be consistent with our decision in *Haynie.*

3105.21(A) because he did not grant relief in response to "satisfactory proof" of the divorce complaint before him. It follows that he also had no authority, under R.C. 2151.23(D), to accept that case on behalf of the juvenile court. Thus, if authority for transfer of the underlying custody issues exists here at all, it must be found in, R.C. 3105.21(B) and 2151.23(E).

R.C. 3105.21(B) requires a "failure of proof" for a domestic relations court to determine custody-related issues and, correspondingly, to certify a case to the juvenile court for that purpose. Here, Judge Zieba dismissed the Easterday divorce action for failure to prosecute; he did not deny a divorce for lack of proof. Thus, it could be argued that Judge Zieba lacked certification authority under R.C. 3105.21(B) because the statute distinguishes between these two dispositions, allowing custody to be determined when a divorce is denied, but not when a divorce action is dismissed. See, *e.g., Lilly* v. *Lilly* (1985), 26 Ohio App. 3d 192, 26 OBR 412, 499 N.E. 2d 21 (voluntary dismissal under Civ. R. 41[A] is not the "failure of proof" contemplated by R.C. 3105.21[B] and prevents a trial court from granting custody), and, generally, *Holderle* v. *Holderle* (1967), 11 Ohio App. 2d 148, 153-159, 40 O.O. 2d 305, 308-312, 229 N.E. 2d 79, 83-87.

To accept this construction of R.C. 3105.21(B), however, would require us to ignore that when an action is dismissed for failure to prosecute, the plaintiff has necessarily failed to carry the burden of proof. Indeed, Civ. R. 41(B)(3) and (4) state that dismissal for any reason other than lack of jurisdiction or failure to join a necessary party generally "operates as an adjudication upon the merits" of a controversy. Accordingly, we hold that the phrase, "failure of proof" in R.C. 3105.21(B) is broad enough to encompass a dismissal for lack of prosecution. Moreover, since such a failure of proof occurred in the divorce case before Judge Zieba, we further hold that Judge Zieba had basic authority to certify the matter of Joshua's custody to the juvenile court for further proceedings.

Having determined that R.C. 3105.21 and 2151.23 apply here and that R.C. 3105.21(B) warrants the preceding interpretation, we turn to whether the juvenile court had authority to accept the pertinent custody case. As mentioned, R.C. 2151.23(E) allows a juvenile court to "determine the case of any child certified to the court by a court of competent jurisdiction," and we have just said that a domestic relations court has jurisdiction under R.C. 3105.21(B) to determine custody despite dismissal of a divorce action for lack of prosecution. Thus, if we were confronted only with these two statutes, we would conclude that the Lorain County Juvenile Court had authority generally to accept and to decide the matter of Joshua's custody.

Our inquiry, however, cannot end here because R.C. 3105.21(B) requires any order a court makes to be "in accordance with" R.C. 3109.04, and R.C. 3109.04(A) contains a specific limitation on certification where, as here, the custody dispute is between parents and a relative:

"*If the court finds, with respect to any child under eighteen years of age, that custody to neither parent is in the best interest of the child, it may* commit the child to a relative of the child or *certify a copy of its findings*, together with as much of the record and the further information, in narrative form or otherwise, that it deems necessary or as the juvenile court requests, *to the juvenile court for further proceedings, and upon the certification, the juvenile court has exclusive jurisdiction.*" (Emphasis added.)

This part of R.C. 3109.04(A) requires a finding that custody in neither of a child's parents is in the child's best interest prior to certification. The statute is similar to R.C. 3109.06, which requires a finding of parental unsuitability for certification if the juvenile court does not consent. R.C. 3109.04, however, is more specifically applicable here, given *Haynie, supra,* and the finding it mandates must be made regardless of juvenile court consent.

The record before us fails to establish that Judge Zieba made the finding that Joshua's best interest would be served only by custody in someone other than his parents. To the contrary, while evidence apparently suggested that Joshua's maternal great-aunt was best suited to care for him, Judge Zieba awarded temporary custody to Joshua's father. We, however, consider the finding required by R.C. 3105.21(B) and 3109.04 necessary to invoke the Lorain County Juvenile Court's subject matter jurisdiction. Cf. *In re Height* (1975), 47 Ohio App. 2d 203, 1 O.O. 3d 279, 353 N.E. 2d 887 (finding of suitability of parents required by former Civ. R. 75[P] not a jurisdictional prerequisite for juvenile court to accept certification). Thus, we conclude that the juvenile court never acquired jurisdiction over the matter of Joshua's custody.

Based on the foregoing, we hold that R.C. 3105.21(B) affords a domestic relations court authority to determine custody of a child, as between his parents and another relative, even though that court has dismissed the parents' divorce action. However, if, after dismissing the divorce action, the domestic relations court elects to certify the matter of custody to juvenile court, we hold that, under R.C. 3105.21(B) and 3109.04, the domestic relations court must specifically find custody in neither parent to be in the child's best interest, or all jurisdiction over the matter is lost. Accordingly, with respect to the case before us, we hold that since Judge Zieba never made the finding required to invoke the Lorain County Juvenile Court's jurisdiction, his authority to proceed in the matter ended when he dismissed the Easterday divorce case.[3]

With these holdings, we return to Easterday's argument that the Medina County court's judgment awarding custody is *res judicata. Res judicata* refers to the principle that a final judgment rendered on the merits in a cause by a court of competent jurisdiction bars relitigation of that action by the involved parties or their privies. *Whitehead* v. *General Tel. Co.* (1969), 20 Ohio St. 2d 108, 49 O.O. 2d 435, 254 N.E. 2d 10. We have rejected Judge Zieba's argument that the Lorain County Juvenile Court had exclusive jurisdiction over Joshua's custody, and he makes no other claim that the Medina County court was not a court of competent jurisdiction to decide that matter. Therefore, we agree that the Medina County judgment is *res judicata* and bars relitigation of Joshua's custody in Lorain County.

---

[3] Judge Zieba's argument that Easterday has consented to the Lorain County courts' jurisdiction does not change our conclusion. Consent to jurisdiction, which operates as a waiver, is significant only when personal jurisdiction is absent. See *State, ex rel. Lawrence Development Co.,* v. *Weir* (1983), 11 Ohio App. 3d 96, 11 OBR 148, 463 N.E. 2d 398. In contrast, this case manifests a lack of subject matter jurisdiction, which cannot be conferred by consent. *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236, 238, 2 O.O. 3d 408, 409, 358 N.E. 2d 536, 537.

*Appropriateness of Prohibition*

Ordinarily we will not issue a writ of prohibition where, as here, the relator may appeal the judgment of the court whose jurisdiction he attacks. See, *e.g., State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 73 O.O. 2d 328, 338 N.E. 2d 522. However, where a court has no jurisdiction whatsoever to act, we have allowed the writ notwithstanding an available appeal. See, *e.g., State, ex. rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 59 O.O. 2d 387, 285 N.E. 2d 22, and *State, ex. rel. Johnson,* v. *Perry Cty. Court* (1986), 25 Ohio St. 3d 53, 25 OBR 77, 495 N.E. 2d 16.

In light of our holdings (1) that Judge Zieba lost jurisdiction to decide Joshua's custody when he dismissed the Easterday divorce case and attempted to certify the custody issues without the finding required by R.C. 3105.21(B) and 3109.04, and, therefore, (2) that the Medina County court's judgment precludes further proceedings in Lorain County, we find that Judge Zieba is completely without jurisdiction to act. Thus, the rule in *Adams* and *Johnson* applies here, allowing issuance of the writ despite Easterday's ability to appeal a custody determination from the Lorain County Juvenile Court. Accordingly, there being no dispute as to any material fact, we grant Easterday's motion for summary judgment and also grant the requested writ of prohibition.

*Writ granted.*

MOYER, C.J., SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. I must respectfully dissent from the majority's granting of Wayne Easterday's complaint for a writ of prohibition. I believe Judge Joseph Zieba was not without some authority to certify the proceedings. Further, it is clear that Easterday has available a plain and adequate remedy at law.

I agree that Judge Zieba was empowered, under R.C. 3109.06 and 2151.23(E), respectively, to certify a custody matter to the Juvenile Court of Lorain County. Zieba's dismissal of the divorce action for failure to prosecute can reasonably be construed to have been a dismissal with prejudice on the merits under Civ. R. 41(B). Zieba could have indicated a contrary view under the provisions of Civ. R. 41(B). Apparently, he chose not to do so.

I also agree that the Juvenile Court of Lorain County had no jurisdiction to hear *this particular case,* simply because Zieba failed to make the factual findings as required by R.C. 3109.04. Because process had been served in the Medina County divorce case before Zieba submitted any factual findings to the Juvenile Court of Lorain County, that latter court is precluded from exercising jurisdiction over the custody matter.

However, as stated, I disagree with the majority's granting of a writ to Easterday. The majority relies upon *State, ex rel. Johnson,* v. *Perry Cty. Court* (1986), 25 Ohio St. 3d 53, 25 OBR 77, 495 N.E. 2d 16, to support its holding. *Johnson* is clearly distinguishable inasmuch as that case involved a court that had absolutely no power to issue a contempt citation. In the present case, Zieba had the general authority to certify the proceedings, but was merely barred from being able to certify by virtue of his failure to make findings pursuant to R.C. 3109.04.

Thus, it is apparent that relator has failed to satisfy the first two re-

quirements for issuing a writ of prohibition: that the imminent exercise of judicial power that is also unauthorized is present. See *State, ex rel. Northern Ohio Tel. Co., v. Winter* (1970), 23 Ohio St. 2d 6, 52 O.O. 2d 29, 260 N.E. 2d 827. Relator also fails to satisfy the final requirement for issuing the writ (*id.*) because R.C. 3109.04(E) provides relator with a plain and adequate remedy at law. That statute allows him to appeal, upon an expedited basis, "* * * a decision of a court that grants custody or modifies a prior custody decree." See R.C. 3109.04(C).

Accordingly, I would deny the writ.

HOLMES, J., concurs in the foregoing dissenting opinion.