In re SHOTT.

[Cite as *In re Shott* (1991), 75 Ohio App.3d 270.]

Court of Appeals of Ohio,
Warren County.

No. CA90–08–059.

Decided July 29, 1991.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *John Lieser,* for appellee.

*Clark & Mengle* and *John S. Mengle,* for appellant.

*Mark R. Simendinger,* guardian *ad litem.*

---

WALSH, Judge.

This is an appeal from an order of the Warren County Court of Common Pleas, Juvenile Division, which granted custody of a dependent child, Alexandra Shott, to the Warren and Clinton Counties Mental Health Board subsequent to a dispositional hearing.

On March 2, 1990, a complaint was instituted in the Warren County Court of Common Pleas, Juvenile Division, alleging that Alexandra Shott was a dependent child pursuant to R.C. 2151.04(A). In March 1990, the juvenile court adopted the referee's findings and recommendations, which included recommendations that Shott be temporarily placed in the shelter care of appellee, Warren County Children Services ("WCCS"), and that an adjudicatory hearing and a separate dispositional hearing be scheduled within the time provided under R.C. Chapter 2151.

On April 27, 1990, the referee made a finding that Shott was a dependent child. The juvenile court adopted this finding. On May 21, 1990, the referee filed findings and recommendations which included a recommendation that Shott be committed to the custody of the Warren and Clinton Counties Mental Health Board, James Ellis, Director, pursuant to R.C. 2151.23(A)(4) and 5122.15(C)(4).

On June 4, 1990, the Warren/Clinton Counties Alcoholism, Drug Addiction and Mental Health Services Board ("appellant") filed objections to the referee's report of May 21, 1990. A hearing was held on the objections with written responses filed, including a memorandum in support of its objections filed by appellant, which argued that the jurisdictional and procedural requirements of R.C. Chapter 5122 had not been met. On June 5, 1990, the juvenile court adopted the referee's findings and recommendations of May 21, 1990. On July 19, 1990, the juvenile court filed a decision finding that Shott's temporary commitment to the care of appellant was appropriate under R.C. 5122.15(C) and 5122.15(F). On August 3, 1990, the juvenile court filed a judgment entry incorporating its above decision and approving as the order of the court the referee's findings and recommendations dated June 4, 1990.[1]

On August 28, 1990, appellant filed a notice of appeal to this court from the juvenile court's August 3, 1990 entry.

On December 21, 1990, appellant filed its brief with this court, asserting that the juvenile court erred by awarding custody of Shott to the Community Mental Health Board. Specifically, appellant presents for review the issue of whether the juvenile court had authority to commit a child to the local mental health board without complying with the statutory requirements of R.C. Chapter 5122. After careful review of the record and applicable law, we find that appellant's assignment of error is well taken and that the juvenile court exceeded its power in awarding custody of Shott to appellant.

In its entry of August 3, 1990, the juvenile court incorporated by reference its July 19, 1990 decision and approved as the order of the court the referee's findings and recommendations. In its July 19, 1990 decision, the juvenile court stated: "The file in this matter indicates that the requirements of the mental health statutes were covered by the evidence and the same matters were covered at the adjudicatory and dispositional hearings." The juvenile court cited and relied upon specific sections of R.C. Chapter 5122 to support its finding that appellant was responsible for care and treatment of Shott. The findings and recommendations of the referee filed on May 21, 1990 and adopted by the juvenile court on June 5, 1990 committed Shott to the custody of appellant pursuant to R.C. 2151.23(A)(4) and 5122.15(C)(4).

R.C. 2151.23(A)(4) provides the juvenile court with "exclusive original jurisdiction" "[t]o exercise the powers and jurisdiction given the probate division of

---

1. We are presuming that the juvenile court erred by specifying June 4, 1990 as the date of the findings and recommendations of the referee, and that the juvenile court meant to refer to the referee's findings and recommendations filed on May 21, 1990 and adopted by the juvenile court on June 5, 1990.

the court of common pleas in Chapters 5122. and 5123. of the Revised Code, if the court has probable cause to believe that a child otherwise within the jurisdiction of the court is a mentally ill person subject to hospitalization by court order, as defined in section 5122.01 of the Revised Code * * *."

R.C. 2151.23(A)(4) thus grants jurisdiction to the juvenile court to exercise only those powers given to the probate courts by R.C. Chapters 5122 and 5123. *In re Hamil* (1982), 69 Ohio St.2d 97, 101, 23 O.O.3d 151, 153, 431 N.E.2d 317, 319.

R.C. Chapter 5122 is relevant herein because the juvenile court relied on R.C. 5122.15(C)(4) to give custody of Shott to appellant. In order to make a custody determination under R.C. 5122.15(C)(4), a court is required to hold a hearing pursuant to R.C. 5122.15. In turn, a hearing under R.C. 5122.15 can only be "conducted in a manner consistent with this chapter [5122] and with due process of law." R.C. 5122.15(A). See, also, 55 Ohio Jurisprudence 3d (1984) 488-489, Incompetent Persons, Section 61. Therefore, pursuant to express statutory language, a probate court can hold a hearing under R.C. 5122.15 and subsequently judicially commit a person to a mental health board pursuant to R.C. 5122.15(C)(4) only if the judicial commitment proceedings were commenced in accordance with the procedural requirements of R.C. 5122.11 and the other requirements of R.C. 5122.11 through 5122.15 were complied with thereafter. Thus, since a juvenile court, pursuant to R.C. 2151.23(A)(4), can exercise only those powers in R.C. Chapter 5122 given to the probate court, a juvenile court is also required to see that the requirements of R.C. 5122.11 through 5122.15 are complied with before determining that a child is mentally ill subject to hospitalization and committing the child pursuant to R.C. 5122.15(C)(4).

In the case *sub judice*, the complaint filed by the WCCS in the juvenile court alleged that Shott was a dependent child pursuant to R.C. 2151.04(A) and 2151.011. Although the prayer for relief in the complaint requested that the court grant temporary custody to appellant, the prayer only requested an inquiry by the court into Shott's status as a dependent child, not into her mental health status pursuant to R.C. Chapter 5122. The law regarding juveniles has long recognized the principle that a juvenile court's jurisdiction over a matter is limited to the legal allegations specified in the complaint. While the facts are distinguishable from the case of *In re Height* (1975), 47 Ohio App.2d 203, 1 O.O.3d 279, 353 N.E.2d 887, we find the following legal principle is applicable herein. The court in *In re Height* stated:

"When a case concerning a child is certified from another court to the juvenile court, the certification * * * shall be deemed the complaint in the juvenile court. Juvenile Rule 10(A). Such certification does not, however,

constitute a complaint that the child is dependent or neglected * * *. Thus, the custody of the child herein was the issue before the court and not his dependency and/or neglect and the court was without authority to make a finding of neglect or dependency.

"A distinction must be made between a determination of custody in a juvenile court and a placement or disposition of a child after a finding that such child is neglected, dependent, delinquent or unruly. R.C. 3109.04 is applicable to the former and R.C. 2151.353, 2151.354, and 2151.355 are applicable to the latter. * * *" *Id.* at 206–207, 1 O.O.3d at 281, 353 N.E.2d at 890. See, also, *In re Snider* (1984), 14 Ohio App.3d 353, 14 OBR 420, 471 N.E.2d 516.

Likewise, we hold here that for the juvenile court to have made a determination that Shott was a mentally ill child subject to hospitalization and to have committed Shott to the custody of appellant under R.C. Chapter 5122, the juvenile court's jurisdiction had to have been invoked by following the procedures specified in R.C. 5122.11 through 5122.15. Since jurisdiction was invoked under R.C. Chapter 2151, the juvenile court was empowered only to make a determination as to Shott's status as a dependent child and to place her accordingly under R.C. 2151.353. In so holding, we find ourselves in agreement with the Sixth Appellate District in *Andrzejewski v. Ohio Dept. of Health* (Oct. 29, 1982), Lucas App. No. L–82–163, unreported, 1982 WL 6711.

■ Since the statutory requirements of R.C. Chapter 5122 were not complied with in the case *sub judice,* we must review whether or not the juvenile court in a dependency proceeding has the authority to order a mental health board to take custody of a dependent child. We find that it does not. R.C. 2151.353 governs the juvenile court's disposition of a dependent child. R.C. 2151.353 provides that if a child is adjudicated dependent, the court may:

"(1) Place the child in protective supervision;

"(2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home or approved foster care;

"(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child;

"(4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of his parents * * *;

"(5) Place the child in long-term foster care with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in long-term foster care and if the court finds, by clear and convincing evidence, that long-term foster care is in the best interest of the child and that one of the following exists:

"(a) The child, because of physical, mental, or psychological problems or needs, is unable to function in a family-like setting and must remain in residential or institutional care[.]"

The above statute does not give a juvenile court the authority to award custody of a dependent child to a mental health board, absent the board's request. It is clear from the record that appellant did not request custody of Shott and in fact objected to the assignment of custody. Therefore, the juvenile court exceeded its power under R.C. 2151.353 in awarding custody of Shott to appellant.

Appellant's assignment of error is well taken. We find that the juvenile court exceeded its power in awarding custody of Shott to appellant from a dependency proceeding under R.C. 2151.04(A).

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., and WILLIAM W. YOUNG, J., concur.