OPINION
Appellant Cherry Smith appeals from the October 26, 1998, Judgment Entry of the Richland County Court of Common Pleas Juvenile Division. Appellee is the Richland County Children Board.
 STATEMENT OF THE FACTS AND CASE
On April 21, 1998, appellee Richland County Children Services Board (RCCSB) filed a complaint seeking permanent custody of Amos Smith, age 2. Amos is the child of appellant Cherry Smith and DeWitt Smith. Appellee, in its complaint, stated as follows:
 "1. Mother, Cherry Smith, is unable or unwilling to care for said child due to serious and long-standing psychological and/or emotional problems.
2. Father, DeWitt Smith, his whereabouts is currently unknown.
 3. Said child cannot and should not be placed with either of her [sic] parents within a reasonable period of time or should not be placed with either of her [sic] parents; it is in said child's best interest that he be placed in the permanent custody of Richland County Children Services Board; and Children Services has a reasonable expectation of placing said child for adoption.
On the same day, appellee filed an Affidavit for emergency custody of Amos. The Magistrate, pursuant to a report filed on April 21, 1998, recommended that Amos be placed in the emergency shelter of the RCCSB. The Magistrate's recommendation was adopted by the trial court and made an order of the court. On June 25, 1998, an evidentiary hearing before a Magistrate was commenced on RCCSB's complaint for permanent custody. On the same date, a Guardian Ad Litem's Report was filed by appellant's Guardian Ad Litem, stating that appellant "would be best served by providing her counseling and training at her level necessary for her to care for her child. Such attempts have not been made adequately." A second day of evidence was held before the Magistrate on July 22, 1998. The hearing was concluded on that date. Pursuant to a Guardian Ad Litem's Report and Recommendations filed on July 29, 1998, by Amos' Guardian Ad Litem, the Guardian Ad Litem opined that it was in Amos' best interest for the court to grant permanent custody to RCCSB since appellant was unable to care for Amos due to her mild mental retardation and her history of emotional problems and epilepsy. Subsequently both parties filed post hearing briefs. The Magistrate, in his August 11, 1998, Decision, recommended that RCCSB be awarded permanent custody of Amos and that the parental rights of appellant and DeWitt Smith be terminated. The Magistrate, in his Decision, held in relevant part as follows: "Based upon the testimony of the witnesses, the exhibits admitted, and the briefs submitted, the Magistrate makes the following findings of fact which are supported by clear and convincing evidence:
 1. The biological father, DeWitt Smith, was properly served with notice of the hearing and failed to appear. The Court has inpersonam [sic] jurisdiction over the biological father, and he is not a suitable placement for the minor child and the minor child cannot be placed with the biological father. 2. Pursuant to Sec. 2151.414(B)(1) O.R.C., the minor child is not abandoned by the biological mother and should not be placed with the biological mother. 3. Pursuant to Sec. 2151.414(E)(2) O.R.C., the Court finds that the biological mother's mental retardation is so severe that she is unable to provide an adequate home for the minor child at the present time, and as anticipated within one (1) year of the hearing of this cause. 4. Richland County Children Services Board has not proven, by clear and convincing evidence, any other factor enumerated in Sec. 2151.414(E)(1) — (12), O.R.C.
The Magistrate's findings are based upon the testimony of Dr. Karpawich, together with the testimony of both the biological mother, Cherry Smith, and Beth Elliott.
It is clear that Cherry Smith's intellectual limits prevent her from being solely responsible for the welfare of her child. Although there is no question that Cherry loves Amos and has a strong desire to have her son on a full-time basis, she is not capable of performing the daily tasks and exercising the daily responsibilities of insuring her son's safety."
Objections to the Magistrate's Decision were filed by appellant on August 25, 1998, to which appellee responded on September 9, 1998. Neither party requested Findings of Fact and Conclusions of Law. The trial court, pursuant to a Judgment Entry filed on October 26, 1998, approved and adopted the Magistrate's August 11, 1998, Decision. In its Judgment Entry, the trial court stated, in part, as follows: "4. No transcript of the evidence submitted to the Magistrate, or relevant portions thereof, was submitted to the Court for review. Accordingly, to the extent that any Objections may relate to the Magistrate's Findings of Fact, the Court overrules the same summarily and adopts as its Findings of Fact those facts set forth or otherwise discussed in the Magistrate's Decision. 5. No error of law or other defect appears on the face of the Magistrate's Decision. 6. The essence of the Objections filed by the child's mother, Cherry Smith, is that the Magistrate's Decision to terminate the parental rights of the natural mother and to place the minor child, Amos Smith, in the permanent custody of the Richland County Children Services Board is against the manifest weight of the evidence, or is supported by insufficient evidence as a matter of law, or is otherwise contrary to law. Upon careful review of the limited record before the Court, the Court finds that the Magistrate's Decision is supported by clear and convincing evidence; further, that said Decision is otherwise in accordance with Ohio law.
It is clear from the record that, because of the biological mother's mental retardation, she is unable to provide an adequate home for the minor child at the present time, and that it is unlikely that she will be able to provide an adequate home in the foreseeable future. The movant, in her Objections, asserts that the reunification efforts of the Richland County Children Services Board were insufficient. The court finds that this Objection is without merit. The Court finds that the reunification efforts by the Richland County Children Services Board were "reasonable" and that, notwithstanding said efforts, the natural mother demonstrated a persistent inability and/or unwillingness to adequately interact or bond with the minor child, to adequately care for the child, and to otherwise complete her case plans. Upon consideration of the totality of acts and behavior patterns of the natural mother over a two and one-half year period, an [sic] upon further consideration of the attempts made by the Richland County Children Services Board to reunify the child with the child's natural mother, the Court finds that clear and convincing evidence exists whereby the natural mother's parental rights should be terminated and the minor child placed in the permanent custody of the Richland County Children Services Board. Accordingly, for those reasons stated in the "Post-Hearing Brief" and the "Response to Objections of Mother, Cherry Smith" filed by the Richland County Children Services Board, hereby incorporated by reference, the Court overrules all Objections filed by the child's natural mother, Cherry Smith."
It is from the October 26, 1998, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 I THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
R.C. 2151.353 provides, in relevant part, as follows:
 "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414[2151.41.4] of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 [2151.41.4] of the Revised Code that the permanent commitment is in the best interest of the child. If the court grants permanent custody under this division, the court, upon the request of any party, shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding."
An adjudication of abuse, neglect or dependency is required before a decision as to the disposition of minor children can be made under R.C. 2151.353. See In Re Height (1975), 47 Ohio App.2d 203,207 — 208 and In Re Darst (1963), 117 Ohio App. 374, 378-379. See also Moore v. Moore (Jan. 21, 1991), Gallia App. No. 889CA26, unreported. In the case sub judice, there is no evidence that an adjudication of abuse, neglect or dependency was made by the trial court. At the permanent custody hearing that commenced on June 25, 1998, the Magistrate stated that "the attorneys have agreed that the adjudicatory and dispositional phase of the hearing relative to time limits is waived and that the witnesses testimony as given in the adjudicatory phase will also be their testimony for the dispositional phase of this hearing." Transcript of Proceedings at 4. However, neither the Magistrate's August 11, 1998, Decision nor the trial court's October 26, 1998, Judgment Entry approving and adopting the same, address the issue of whether Amos was adjudicated an abused, neglected or dependent child. It is axiomatic in Ohio that a court speaks through its journal entry. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117. In the case sub judice, the trial court, therefore, did not speak as to Amos' adjudication as an abused, neglected, or dependent child. Absent an explicit adjudication, the trial court erred in granting permanent custody of Amos to RCCSB under R.C.2151.353(A).
For such reason, the Judgment of the Juvenile Division of the Richland County Court of Common Pleas is reversed.
By Edwards, J. Wise, P.J. and Farmer, J. concur