OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, Probate Division, denying a claim by appellant, Williams Apple, Co., L.P.A. (Williams Apple), for attorney fees to be distributed from the proceeds of a personal injury action filed by appellees, Jason and Richard Altomare.
In February of 1995, appellee, Jason Altomare, then a minor, was injured in an automobile accident. Appellee, Richard Altomare, Jason's father, contacted legal counsel who was a partner with Williams Apple regarding Jason's representation. In November of 1997, the personal injury case was tried to a jury. The jury returned a $60,000.00 verdict, awarding Jason $50,000.00 on his personal injury claim and Richard $10,000.00 for loss of consortium. The tortfeasor's insurance policy limit was $50,000.00. As such, legal counsel for the Altomares subsequently settled both awards for a total of $50,000.00.
On June 11, 1998, counsel for the tortfeasor filed an application with the probate court to distribute the proceeds of the jury verdict. A hearing was held on December 17, 1998 and continued for further proceeding on February 25, 1999. Williams Apple claimed that they were entitled to $16,666.67 in attorney fees pursuant to a contingency fee agreement with Jason Altomare, which was executed by his father. The probate court denied their claim, finding that Williams Apple had agreed to handle Jason Altomare's personal injury case for no fee. This appeal followed.
Williams Apple set forth seven assignments of error on appeal.
Williams Apple's first assignment of error alleges:
 "The probate court fundamentally erred by accepting jurisdiction of the underlying case as the court had no subject matter jurisdiction after appellee Jason Altomare became an adult (opinion and judgment entry, P. 1)."
The record demonstrates that appellee, Jason Altomare, was a minor when the application to distribute the proceeds from his personal injury case was filed. However, Jason had reached the age of eighteen prior to the date the application was to be heard before the probate court. Consequently, appellant argued that the probate court lacked subject matter jurisdiction to continue with the matter. Appellees asserted that Jason consented to personal jurisdiction.
Based upon the nature of the issue presented, this court will undertake a de novo review concerning the subject matter jurisdiction of the probate court. Vogler v. Donley (Dec. 16, 1998), Belmont App. No. 97-BA-63, unreported.
Pursuant to prior decisions, this court has held that, "* * * subject matter jurisdiction may be raised by a party * * * at any stage in the proceedings. In re Byard (1996), 74 Ohio St.3d 294, 296 (reaffirming that the issue of subject matter jurisdiction is not waived even where it is not raised in a timely fashion)." In re Guardianship of Kinney (June 14, 2000), Belmont App. No. 99-BA-19, unreported. Moreover, the Ohio Supreme Court in State ex rel. Easterday v. Zieba (1991),58 Ohio St.3d 251, 256, footnote 3, held that "[c]onsent to jurisdiction, which operates as a waiver, is significant only when personal jurisdiction is absent." The Ohio Supreme Court went on to explain that conversely, "a lack of subject matter jurisdiction, * * * cannot be conferred by consent." Easterday, supra at footnote 3. Additionally, where it is demonstrated that a court lacks subject matter jurisdiction, any judgment rendered "is void ab initio and may be vacated." Kinney, supra.
Therefore, the primary issue before this court is whether the probate court acted within jurisdictional boundaries by conducting the hearing regarding disbursement of proceeds. (See R.C. 2101.24). The fact that Jason consented to personal jurisdiction is irrelevant in determining if the probate court retained subject matter jurisdiction over his case. (See, generally, Rinehart v. Bank One, Columbus, NA (1998),125 Ohio App.3d 719) . In reviewing the record, appellant's assertion that the probate court did not possess continuing subject matter jurisdiction to proceed with disbursement of the award was correct. R.C.2101.24(A)(1)(e); R.C. 2101.24(C).
The Ohio Supreme Court in Corron v. Corron (1988), 40 Ohio St.3d 75,77, has held:
 "It is well-settled that proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. * * *. The statute granting that jurisdiction is R.C. 2101.24(C):
"`The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute.'
"Those matters that may be properly placed before the court are enumerated and limited in scope by R.C. 2101.24(A) to (P), * * *." (Emphasis added).
R.C. 2101.24(A)(1) states, in pertinent part:
 "Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;
"* * *
 "(m) To direct and control the conduct of fiduciaries and settle their accounts."
Moreover, R.C. 2111.50(A)(1) stipulates that, "[a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction * * *." Ohio courts also acknowledge that the probate court has continuing and exclusive jurisdiction over all matters regarding a guardian or ward. (See, Ohio Farmers Ins. Co. v. Bank One, Dayton (Aug. 21, 1998), Montgomery App. No. 16981, unreported, relying on In reClendenning (1945), 145 Ohio St. 82) . Thus, the probate court's jurisdiction encompasses all matters that touch the guardianship. In reGuardianship of Jadwisiak (1992), 64 Ohio St.3d 176, 180. A guardian, as described under R.C. 2111.01(A), is "* * * any person, * * * appointed by the probate court to have the care and management of the person, the estate, or both of an incompetent or minor." As the record shows, Jason Altomare was not appointed a guardian. His father, Richard Altomare, as his natural guardian, merely acted on Jason's behalf. (See, R.C. 2111.08).
Nonetheless, Jason had reached the age of majority prior to the hearing regarding the disbursement of proceeds. R.C. 3109.01 specifically states that, "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes." Therefore, Jason's age and the lack of evidence that he was under any type of legal disability, precluded him from qualifying as a ward or minor as defined by statute. R.C. 2101.24(A)(1)(e); R.C.2111.01(B).
Considering that the probate court is limited to resolving only those claims properly before it, and acknowledging that Jason was, at the time of the hearing, an adult no longer requiring the assistance of a guardian, the probate court lacked jurisdictional authority to decide the disbursement of funds. Corron, supra. Therefore, pursuant to R.C.2101.24(C), the probate court should have refrained from overseeing the disbursement of proceeds regarding Jason's claim, and transferred such matter to the proper court.
Based upon the aforementioned analysis, appellant's first assignment of error is found to be with merit. Consequently, it is unnecessary to address the remaining assignments of error set forth by appellant, as this finding renders such issues moot. App.R. 12(C).
The judgment of the probate court is hereby reversed and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.
Donofrio, J., concurs, Waite, J., concurs.