OPINION
Sue Warnecke appeals the judgment of the Putnam County Court of Common Pleas overruling her motion for new trial in this action for divorce filed by appellee John H. Warnecke.
Appellant and appellee were married in Delphos, Ohio on July 1, 1978, and the marriage produced three children: Peggy (D.O.B. 11-22-1980), Gayle (D.O.B. 10-03-1982) and Ross (D.O.B. 03-15-1989). On April 16, 1999, appellee filed a complaint for divorce, alleging gross neglect of duty, extreme cruelty and incompatibility. The case proceeded to a final hearing on February 1, 2000, and on that date the trial court granted the appellee a divorce on the ground of incompatibility. The court also granted custody of the parties' then-minor child Gayle to appellant and made other orders regarding the division of property. The court took the issue of spousal support and issues regarding the custody, child support and visitation of the minor child Ross under advisement. However, the court did not journalize these orders until April 7, 2000.[1]
On February 10, 2000, the trial court journalized an entry disposing of the issues that it had previously taken under advisement. Appellee was designated the residential parent of the minor child Ross, and the trial court ordered that appellant was to have visitation with Ross for four days out of every fourteen-day period. The court also granted spousal support to the appellant in the amount of $400 per month for a period of twelve months only. The court made extensive findings of fact supporting its judgment on these issues.
Appellant subsequently filed a motion requesting further findings of fact and conclusions of law, and also a motion for new trial. The trial court ordered appellant's attorney to file proposed findings of fact, but no such proposed findings were ever filed. On May 16, 2000, the trial court overruled both motions. Appellant filed a notice appealing the court's rulings on June 14, 2000. On July 17, 2000, while this appeal was pending, the trial court filed an entry modifying its prior orders, and limited appellant's visitation with the minor child Ross to alternate weekends. Appellant has asserted five assignments of error with the trial court's several judgments.
 Once the appellant filed her notice of appeal, the trial court erred as a matter of law when it conducted [a] further hearing and modified appellant's rights of visitation.
 Appellant first contends that because she filed her notice of appeal on June 14, 2000, the trial court did not retain jurisdiction on July 17, 2000 to modify its prior order of visitation, and therefore requests this Court to vacate the trial court's order. However, because this order was not journalized until after the statement and praecipe were filed in this case, the July 17, 2000 order is not properly part of record on appeal and must be disregarded by this court. Cf. App.R. 9(A). Moreover, we take judicial notice of the fact that the trial court later vacated the order, rendering this assignment of error moot. See Judgment Entry (December 5, 2000) Putnam County Common Pleas No. 99-DVA-85, unreported at *1. Cf. App.R. 12(A)(1)(c). Accordingly, appellant's first assignment of error is not well taken.
 The trial court abused its discretion in limiting the duration of spousal support where the parties had been married for twenty-two years and appellant's ability to work had been [a]ffected by Crohn's disease.
 Appellant next contends that the trial court abused its discretion by limiting her spousal support award to a period of one year. Appellant argues that she "established [that she has] a limiting health condition [that] will continue throughout the remainder of her days," and that this limitation on her ability to work "will not change in one year[`s] time."
A trial court's judgment awarding spousal support will not be reversed absent an abuse of discretion. Bolinger v. Bolinger (1996),49 Ohio St.3d 120, 122. An abuse of discretion is more than a simple error in judgment; it implies that the trial court acted in an unreasonable, arbitrary or unconscionable manner. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. However, trial courts are statutorily mandated to consider certain factors when considering the appropriateness of a spousal support award.
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 R.C. 3105.18(C)(1). In this case, appellant argues that the trial court did not adequately consider the impact of her Crohn's disease when limiting her award to a twelve month period. However, the trial court specifically found that "[appellant's] health problems would not preclude [her] from obtaining a position with increased income upon completion of her education." The trial court's order was carefully designed to provide appellant with the opportunity to obtain her bachelor's degree, as the court concluded that obtaining that degree "would allow her to increase her earning ability to a level equal or beyond" appellee's. See R.C. 3105.18(C)(1)(k). While appellant asserts that the trial court incorrectly found that she could earn her bachelor's degree within the twelve month period of spousal support, we cannot say that the court's findings on this issue were so unsupported by the evidence in the record that they constitute an abuse of discretion, or that resulting award was not "fair, equitable and in accordance with the law." See, e.g., Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. Accordingly, appellant's second assignment of error is overruled.
 The trial court's designation of appellee as the residential parent was against the manifest weight and [without] sufficiency of the evidence when appellee was established to be physically and verbally abusive and unprepared to ensure the best interest of the minor child.
 The trial court, in admitting the guardian ad litem's written report into evidence, erred as a matter of law when it denied appellant the right to cross-examine the guardian.
 [T]he court erred as a matter of law when it denied appell[ant]'s motion for a new trial.
 As appellant's three remaining assignments of error raise similar issues, we will address them together. We first note that issues involving child custody and visitation are "peculiarly within the very broad discretion of the trial court," Bawidamann v. Bawidamann (1989), 63 Ohio App.3d 691, 695, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 14, and "the discretion which a trial court enjoys in custody matters should be accorded the utmost respect." Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, an appellate court may not independently review the weight of the evidence in the majority of cases. Miller v. Miller, (1996), 115 Ohio App.3d 336, 341. Moreover, the court has previously observed that "[t]he role of the guardian ad litem is to investigate the children's situation and then to ask the court to do what the guardian believes is in the best interest of the children." In Re Thomas (October 14, 1998), Paulding App. No. 11-98-6, unreported, 1998 WL 767481, **1-2, citing In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232. However, the ultimate decision in any proceeding is for the trial judge and not a representative of the children. See In re Height (1975), 47 Ohio App.2d 203, 206.
Appellant's primary argument in all three remaining assigned errors is that the trial court erred by relying on the guardian ad litem's report in making its findings of fact and conclusions of law, where appellant was not permitted to call the guardian as a witness and cross-examine her as to the contents of the report. We disagree. In this case, despite the fact that the appellant is able to point to conflicting evidence in the record, we believe the factual findings made by the trial court are sufficiently tied to evidence in the record such that they do not constitute an abuse of discretion. Cf. Bawidamann,63 Ohio App.3d at 699-700 (trial court's decision to rely on guardian's report was not an abuse of discretion even where appeals court would have rejected report as unpersuasive). Moreover, it is within the trial court's discretion to determine whether it is appropriate for a guardian to testify in any given case, and appellant cannot show that the trial court abused its discretion in disallowing such testimony in this case. Cf. Frost v.Frost (1992), 84 Ohio App.3d 699, 709-710 (trial court should carefully consider whether testimony by guardian is appropriate). Finally, for these same reasons, we believe it was not an abuse of the trial court's discretion to deny the appellant's motion for a new trial. Based on the foregoing, the appellant's five assignments of error are overruled, and the judgment of the Putnam County Court of Common Pleas is affirmed.
WALTERS, P.J., and HADLEY, J., concur.
[1] Although it is unclear from the transcript, it appears from other documents in the record that appellant's attorney was responsible for preparing an entry that reflected the court's orders but failed to do so in timely manner. Appellee's attorney apparently prepared the order filed on April 7, 2000.